**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Howard MOYE, Defendant–Appellant.**

**No. 91–8189.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1992.

Mark J. Silverstone, Sneed, Vine, Wilkerson, Selman & Perry, Austin, Tex. (court-appointed), for defendant-appellee.

LeRoy M. Jahn, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before KING, JOHNSON, and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Howard Moye appeals his conviction for conspiracy to possess and distribute more than 100 kilograms of marijuana and possession of that same marijuana with intent to distribute it. We find no error and affirm.

## I.

In July 1990 government agents arranged to sell some three hundred pounds of marijuana to three men in a "reverse sting" operation. Ricardo Hinojosa brokered the sale and arranged to have Moye drive the van containing the marijuana from a shopping mall in Austin, Texas, to nearby Oak Hill, Texas. Hinojosa, Moye and the third participant, Patrick Ragusa, arrived together at the mall with over $200,000 in a vehicle driven by Hinojosa. Moye displayed a briefcase containing

some of the currency to the undercover agents.

While awaiting the exchange of money and marijuana, Moye, who called himself Tom, sat inside the van with an undercover officer. Moye told the undercover officer that he (Moye) had worked for these people for about a year, had made two previous trips to upstate New York, and that he made good money making these trips.

After the money was exchanged at the mall, Moye started driving off in the van that contained the marijuana. The officers then arrested Moye. The marijuana was in the rear of the van under a tarpaulin. According to the undercover officer, the inside of the van smelled heavily of marijuana.

Moye was indicted on two counts: (1) conspiracy to possess and distribute more than 100 kilograms of marijuana, and (2) possession with intent to distribute more than 100 kilograms of marijuana, violations of 21 U.S.C. §§ 846 and 841(a)(1). During the two-day trial, Moye's principal defense was that he had no knowledge that the marijuana was in the van. The jury found Moye guilty on both counts, and the district court sentenced Moye to 120 months imprisonment on each count, to run concurrently, a $12,500 fine, and eight years of supervised release.

Moye raises three issues on appeal: (1) whether the district court properly admitted evidence of Moye's arrest and conviction for a previous state felony drug offense; (2) the propriety of the district court's charge that the jury might reason-

ably infer that a person intends the natural and probable consequences of his acts; and (3) whether the district court erred in limiting appellant's counsel to ten minutes to present his closing argument. We consider each contention in turn.

## II.

### A.

Moye argues first that the district court erred in permitting the government to introduce evidence of the details of an earlier drug trafficking offense that resulted in a state court conviction. At a bench conference prior to presenting this evidence, the government argued that the evidence was admissible under Rule 404(b) of the Federal Rules of Evidence because the defendant's intent and knowledge seemed to be the only issue controverted in the case.[1] The defense counsel objected to admission of the specific facts of the arrest on grounds that it was unduly prejudicial under Rule 403.[2] The court overruled this objection, found that the evidence was more probative than prejudicial, and allowed the government to present the extrinsic evidence. We review a trial judge's admission of evidence under an abuse of discretion standard. *United States v. Williams*, 900 F.2d 823 (5th Cir.1990).

The admissibility of extrinsic evidence under Rule 404(b)[3] is determined in light of the two-part test established by this court in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc). The court must determine (1) "that the

---

1. Our review of the record reveals that the defendant's intent and knowledge were the only substantial facts Moye contested. In his opening statement, Moye's counsel admitted that Moye was at the scene of the crime and driving the van. He told the jury "that's really not the issue. The real question is why was Mr. Moye there and what did he know." Defense counsel told the jury that "the evidence will show that Mr. Moye was not told the truth of what was going on, that they took advantage of him, and that he was duped." Moye's testimony in his own defense sought to establish his lack of criminal intent and lack of knowledge of the presence of marijuana in the van on the night of his arrest.

2. Rule 403 provides in pertinent part that:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . .
Fed.R.Evid. 403.

3. Rule 404(b) provides that:

(b) **Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Fed.R.Evid. 404(b).

extrinsic offense evidence is relevant to an issue other than the defendant's character," and (2) that "the evidence [ ] possess[es] probative value that is not substantially outweighed by its undue prejudice." *Id.*

■ The first part of the Beechum test is easily satisfied. The government sought to elicit the facts as evidence of Moye's intent, a purpose for extrinsic evidence explicitly permitted by Rule 404(b). The district court permitted the evidence for that purpose.

The next question in the Beechum analysis is whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. We, of course, give great deference to the district court's informed judgment in making this balancing. We will reverse only after a clear showing of prejudicial abuse of discretion. *United States v. Shaw,* 701 F.2d 367, 386 (5th Cir.1983); *United States v. Rocha,* 916 F.2d 219, 241 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2057, 114 L.Ed.2d 462 (1991).

■ In determining the probative value of extrinsic evidence, the court should consider the overall similarity between the extrinsic and charged offenses, because "the probative value of the extrinsic evidence correlates positively with its likeness to the offense charged." *Beechum,* 582 F.2d at 915. Moye's conduct leading to his first offense is quite similar to his offense conduct in this case. In both instances Moye transported large quantities of marijuana for other persons. In addition, the

earlier offense committed in January 1988 was not so remote in time to the charged offense to depreciate its probity. *See id.* Although the evidence of Moye's earlier conviction for a similar offense was undoubtedly prejudicial, we are persuaded that it did not create substantial unfair prejudice. The government presented a strong case against Moye. Evidence of the earlier offense was not a critical part of the government's case and the government did not place undue emphasis on it. Also, the court's charge adequately limited the jury's consideration of the evidence to Moye's intent. Under the circumstances presented here, the district court did not abuse its discretion in concluding that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.[4]

### B.

■ Moye complains next of the district court's instruction to the jury that "you may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted."[5] Moye argues that this charge is improper in a case where the defendant is charged with a crime requiring proof of specific rather than general intent. Moye also suggests that the charge permits a presumption of intent once the government proves the underlying acts.

We considered and rejected the same argument Moye advances here in *United States v. Graham,* 858 F.2d 986, 992 (5th

---

**4.** The government called state trooper William Crais to establish the facts surrounding his arrest of Moye in January 1988. Moye complains in his brief about a number of facts the government elicited from officer Crais. These include the discovery of cocaine paraphernalia; the drugged or intoxicated condition of Moye's female passenger; and Moye's misrepresentations concerning his destination. No contemporaneous objections were made to the questions that elicited the evidence. Admission of this evidence does not approach plain error. *See* Fed. R.Crim.P. 52(b).

**5.** The entire instruction follows:

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's intent from the surrounding circumstances.

You may consider any statement made and done or omitted by the defendant and all other facts and circumstances in evidence which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

Cir.1988), *cert. denied,* 489 U.S. 1020, 109 S.Ct. 1140, 103 L.Ed.2d 201 (1989).[6] In that case, the defendant appealed his convictions for conspiracy to distribute cocaine and distribution of cocaine. The charge under consideration in *Graham* was similar to the charge given in this case. *See id.* We held that the charge was proper because it was phrased in permissive terms and clearly instructed the jury that it might *consider* drawing an inference if the government proved certain facts. We also distinguished the Supreme Court case upon which Moye relies, *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). We concluded that Francis did not control because the instruction in that case was not cast in permissive terms but rather, " '[t]he jurors were not told that they had a choice, or that they *might* infer that conclusion; they were told only that the law presumed it.' " *Id.* (quoting *Franklin,* 471 U.S. at 316, 105 S.Ct. at 1972 (internal quotations omitted)).

The district court in this case told the jury approximately twelve times in its instructions that it must find that the defendant acted willfully in committing the acts necessary to make out the crime charged. The court then defined "willfully" to mean "that the act was committed voluntarily and purposely with the specific intent to do something the law forbids. That is to say, with bad purpose either to disobey or disregard the law." The district court gave this definition of willfulness almost immediately after the challenged instruction.

In short, the challenged instruction is cast in permissive terms and could not be understood by a reasonable person as creating a presumption of intent. The clear definition of willfulness in the instruction and its generous use throughout the charge removes any ambiguity about the meaning of the challenged instruction.

The district court did not err by giving this instruction.

## C.

Finally, Moye argues that the district court erred in limiting his closing argument to ten minutes.

 The period of time allocated for the attorney's closing argument is ordinarily within the discretion of the district judge. *United States v. Bernes,* 602 F.2d 716, 722 (5th Cir.1979). The maximum time granted counsel for argument in this case was indeed short, probably a shorter limit than we would have established. But the record does not permit us to conclude that the district court abused its discretion in placing this time limitation on closing argument. As indicated above, this was a single-issue case that was tried in two days. Moye contended that he did not know the marijuana was in the truck and therefore acted without knowledge or intent. We are persuaded that the court gave counsel adequate time to present his argument on this issue.[7]

## III.

Having considered and rejected Moye's complaints of error both individually and cumulatively, we AFFIRM his conviction.

---

**6.** We also approved a substantially identical charge in *United States v. Kimmel,* 777 F.2d 290 (5th Cir.1985).

**7.** Moye argues alternatively that even if we find that none of his three grounds of error warrants reversal individually, taken together they served to deprive him a fair trial. Moye seeks a reversal based on this cumulative error. Because we find no merit to any of Moye's arguments of error, his claim of *cumulative* error must also fail.