IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40001
_____


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHAN MORRELL ROGERS,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:96-CR-43)
_____

March 5, 1998

Before KING, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Nathan Morrell Rogers appeals his

conviction of five counts of possession of cocaine base with

intent to distribute.  We affirm the district court's judgment of

conviction and sentence.

Rogers first argues that the evidence presented at trial was

insufficient to support his conviction.  When reviewing a jury

verdict to determine whether the evidence was sufficient to

_____

[*]     Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

support the conviction, we view the evidence and the inferences to be drawn therefrom in the light most favorable to the verdict, and we determine whether a rational trier of fact could have found all the elements beyond a reasonable doubt. United States v. Gonzales, 79 F.3d 413, 423 (5th Cir.), cert. denied, 117 S. Ct. 183 (1996). Having reviewed the record, we conclude that the evidence presented at trial was sufficient to support Rogers's conviction.

Rogers next contends that the district court abused its discretion in admitting the testimony of Ronald Fuselier, who testified that Rogers sent him to Houston to buy drugs on seven or eight occasions. Rogers contends that Fuselier's testimony should not have been admitted because it was not relevant to any issue other than his character; he therefore argues that the testimony was inadmissible under Federal Rule of Evidence 404. The government responds that the testimony was relevant to prove that Rogers was involved in the distribution of cocaine base and that he had the required knowledge and intent to distribute drugs.

We review a district court's decision to admit extrinsic evidence for abuse of discretion. United States v. Coleman, 78 F.3d 154, 156 (5th Cir.), cert. denied, 117 S. Ct. 230 (1996). Under this standard, we accord substantial deference to a district court's informed judgment regarding the balancing determination required by Rule 404(b), and "[w]e will reverse

only after a clear showing of prejudicial abuse of discretion." United States v. Moye, 951 F.2d 59, 62 (5th Cir. 1992). In order to be admissible under Rule 404(b), extrinsic evidence must satisfy the following two-part test: (1) the evidence must be "relevant to an issue other than the defendant's character" and (2) the evidence "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978). This court has approved of the admission of extrinsic evidence when offered to prove knowledge and intent. See, e.g., United States v. Williams, 900 F.2d 823, 826-27 (5th Cir. 1990) (holding that evidence that a defendant who was charged with transporting cocaine through the mail had made nineteen other similar mailings was admissible under Rule 404(b) to show knowledge and intent). In this case, the district court admitted Fuselier's testimony for the limited purpose of proving (1) Rogers's intent to possess and distribute cocaine base and (2) his knowledge of any common scheme or plan, and the court gave the jury an instruction that clearly delineated the limited purposes for which the testimony was admitted. Having considered the testimony in the record and the arguments presented in the briefs on appeal, we do not think that the district court abused its discretion in admitting Fuselier's testimony for the limited purpose of establishing knowledge and intent.

Finally, Rogers argues that the district court erred in holding him responsible for 82.26 grams of cocaine base discovered in Fuselier's car during a traffic stop.  This court reviews a district court's factual findings made for sentencing purposes for clear error.  United States v. Madison, 990 F.2d 178, 182 (5th Cir. 1993).  We review the district court's legal interpretation of the Sentencing Guidelines de novo.  Id.

Section 1B1.3(a)(2) of the Sentencing Guidelines provides that "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction" may be used in the determination of the applicable sentencing range.  U.S. SENTENCING GUIDELINES MANUAL  § 1B1.3(a)(2) (1995).  Relying on the Presentence Investigation Report's (PSR) determination that it belonged to Rogers, the district court determined that the cocaine base found in Fuselier's car constituted such "relevant conduct."  "Particularly in drug cases, this circuit has broadly defined what constitutes 'the same course of conduct' or 'common scheme or plan.'"  United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993).

Rogers contends that Fuselier's trial testimony, on which the PSR relied, did not have the "sufficient indicia of reliability to support its probable accuracy" that § 6A1.3 of the Sentencing Guidelines requires of any information considered in sentencing determinations.  See U.S. SENTENCING GUIDELINES MANUAL § 6A1.3 (1995).  "A [PSR] generally bears sufficient indicia of

4

reliability to be considered as evidence by the district court in resolving disputed facts." <u>United States v. Valencia</u>, 44 F.3d 269, 274 (5th Cir. 1995). When a defendant objects to the consideration of conduct contained in the PSR, he bears the burden of proving that the information is "materially untrue, inaccurate or unreliable." <u>United States v. Angulo</u>, 927 F.2d 202, 205 (5th Cir. 1991). Other than cross-examining him, Rogers presented no evidence to refute Fuselier's testimony that the cocaine base belonged to Rogers. Thus, we cannot say that the district court clearly erred in finding Fuselier's testimony regarding the 82.26 grams of cocaine base to be credible.

For the foregoing reasons, we AFFIRM the judgment of the district court.