**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-50223
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SUSANA ZURITA-SANCHEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-69-4

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Susana Zurita-Sanchez appeals her conviction by a jury of conspiracy to possess with the intent to distribute less than fifty kilograms of marijuana. The district court sentenced Zurita to thirty-seven months of imprisonment and three years of supervised release.

Zurita contends that the Government failed to establish that she knowingly conspired to possess marijuana. She argues that the evidence supports a "fair assumption" that she was "duped," and at most, supports a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that based on Victor Enriquez's conduct, she should have known something illegal was occurring and should have investigated. She argues that the evidence supported only a finding that she was negligent in failing to realize that drugs were present, which is not sufficient to support a conviction for conspiracy.

We will uphold a jury's verdict if a reasonable trier of fact could find from the evidence that the elements of the offense were established beyond a reasonable doubt.[1] We view the direct and circumstantial evidence, the credibility findings, and any reasonable inferences that can be drawn from the evidence in the light most favorable to the jury's verdict.[2] Voluntary participation in and knowledge of a conspiracy may be inferred from surrounding circumstances.[3]

The evidence established that Zurita borrowed a car from a friend that was dismantled and loaded with marijuana in the garage of a home belonging to Zurita's acquaintance. Zurita obtained permission for Enriquez to use the location. Zurita's friend did not authorize any work to be done on her car. Although Zurita saw the passenger door panel of the borrowed car being removed, she did not object or question the conduct. Zurita was present in the home for approximately three hours yet did not enter the garage unless she was called on her cell phone by Enriquez to obtain implements that he required. Zurita used Enriquez's van to go to the store to purchase two or three boxes of Saran Wrap at Enriquez's request.

When Zurita returned to the location, she saw the police and drove past the home, abandoned Enriquez's van, and engaged a friend to drive her to the home in the friend's vehicle. Zurita was nervous, and she told her friend that

---

[1] *U.S. v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003).

[2] *U.S. v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995).

[3] *U.S. v. Paul*, 142 F.3d 836, 840 (5th Cir. 1998).

she may have gotten into some trouble because of what was being done to the car. As she rode by the home, Zurita slid down in the seat. When the police pulled the car over, Zurita threw the van keys and a cell phone under the car seat. At the police station, Zurita admitted that she knew something illegal was occurring in the garage.

The jury was entitled to credit trial testimony that Zurita observed the removal of the car door panel and was present in the garage when Enriquez started stuffing marijuana into the borrowed car.[4] Zurita's statement to the police; her conduct as she rode by the house when the police were present; her statement that she had gotten into some trouble; and her attempt to abandon the cell phone and the van keys when the car she was occupying was pulled over by police support the jury's finding that Zurita knowingly participated in the conspiracy. When viewed "in the light most favorable to the jury's verdict," the evidence presented at trial was sufficient for the jury to find that Zurita knowingly participated in a conspiracy to possess with the intent to distribute marijuana.[5]

Zurita contends that the district court erred by excluding Enriquez's videotaped statement that she was not involved in the crimes. She asserts that the statement was admissible under Federal Rule of Evidence 804(b)(3). A statement is admissible under Rule 804(b)(3) as a statement against penal interest if: (1) the declarant is unavailable; (2) the statement subjects the declarant "to criminal liability such that a reasonable person would not have made the statement unless he believed it to be true"; and (3) the statement is corroborated by circumstances "clearly indicating trustworthiness."[6] If we

---

[4] *See U.S. v. Mata,* 491 F.3d 237, 242 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1219 (2008)*; U.S. v. Rodriguez*, 278 F.3d 486, 491 (5th Cir. 2002).

[5] S*ee Resio-Trejo*, 45 F.3d at 910.

[6] *U.S. v. Bell*, 367 F.3d 452, 466 (5th Cir. 2004).

determine that the exclusion of the evidence was error, we must determine whether the error was harmless.[7] An error is harmless if it does not prejudice the defendant because it has not "affected the outcome of the district court proceedings."[8]

We review a decision regarding "the admissibility of evidence for abuse of discretion and will uphold a determination as to the trustworthiness of an out-of-court statement unless it is clearly erroneous."[9] The district court considered the evidentiary concerns Zurita raised about Enriquez's statement, and determined that it failed to sufficiently meet the standard for hearsay admittance. This finding is not clearly in error.

Zurita contends that the exclusion of the evidence constituted reversible error under Federal Rule of Evidence 807, the residual hearsay exception, and that the decision to exclude the statement violated her Sixth Amendment right under the Compulsory Process Clause. Because Zurita did not apprise the district court that her objection to the ruling regarding Enriquez's statement included claims under the Compulsory Process Clause and Rule 807,[10] we review these contentions for plain error only. To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights.[11] If the appellant makes such a showing, we have the

---

[7] *See U.S. v. Harper*, 527 F.3d 396, 408 (5th Cir.), *cert. denied,* 129 S. Ct. 212 (2008).

[8] *See id.*

[9] *U.S. v. Vega*, 221 F.3d 789, 803 (5th Cir. 2000).

[10] *See U.S. v. Mondragon-Santiago*, 564 F.3d 357, 361(5th Cir. 2009).

[11] *Puckett v. U.S.*, 129 S. Ct. 1423, 1429 (2009).

discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.[12]

Zurita has not shown that the error, if any, affected the outcome of the trial.[13] The evidence was sufficient to convict her of the conspiracy charge; the jury was free to make credibility findings regarding the conflicting testimony; and the Government presented evidence that Enriquez stated that he was going to take the blame for everyone for the drug offense.[14] Zurita has not established plain error.[15]

Zurita argues that the district court's inclusion of a deliberate ignorance jury instruction caused her prejudice, was not supported by the evidence, and permitted the jury to convict her on a finding of negligence rather than on a finding of actual knowledge. A district court has "broad discretion" in framing jury instructions, and we "will not reverse unless the instructions taken as a whole do not correctly reflect the issues and law."[16] We review this contention for an abuse of discretion.[17]

The evidence supported the inferences that Zurita "was subjectively aware of a high probability of the existence of the illegal conduct" and that she "purposely contrived to avoid learning of the illegal conduct."[18] Zurita obtained

---

[12] *Id.*

[13] *See Harper*, 527 F.3d at 408.

[14] *U.S. v. Rodriguez*, 278 F.3d at 491 (jury is final arbiter of credibility of witnesses).

[15] *See Puckett*, 129 S. Ct. at 1429.

[16] *U.S. v. Threadgill*, 172 F.3d 357, 368 (5th Cir. 1999) (internal quotation marks and citation omitted).

[17] *See U.S. v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007).

[18] *U.S. v. Lara-Velasquez,* 919 F.2d 946, 951 (5th Cir. 1990).

the car for Enriquez; she procured consent for use of the garage; and she did not enter the garage unless she was called on a cell phone by Enriquez who was working nearby in the garage. Zurita borrowed a friend's car for the day but did ask why, and did not seem "really worried" when it was being dismantled. Zurita convinced someone to drive her past the house after she knew the police were there, although Zurita had just abandoned Enriquez's van. Zurita's conduct was consistent with the district court's determination that she "contrived escaping being caught with the group in a vehicle owned by Enriquez, a co-defendant." Accordingly, the inclusion of a deliberate ignorance instruction was not an abuse of discretion.[19]

In the absence of demonstration of error, Zurita's assertion of cumulative error must fail.[20]

The judgment of the district court is AFFIRMED.

---

[19] *See Nguyen*, 493 F.3d at 619; *Threadgill*, 172 F.3d at 368.

[20] *See U.S. v. Moye*, 951 F.2d 59, 63 n.7 (5th Cir. 1992).