**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4054**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAUN ORLANDO GRIER,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:13-cr-00243-AW-1)

─────────────

Submitted: September 30, 2015      Decided: October 13, 2015

─────────────

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Marnitta L. King, KING LAW P.A., Largo Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Thomas P. Windom, Deborah A. Johnston, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaun Orlando Grier appeals his convictions on charges of possession with intent to distribute phencyclidine ("PCP") and cocaine base, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a person previously convicted of a felony offense. The district court sentenced Grier to an aggregate of 350 months' imprisonment. On appeal, he challenges a number of evidentiary rulings by the district court, and he asserts that the district court abused its discretion by limiting the time for his closing argument to the jury. Finding no reversible error, we affirm.

Grier first contends that the district court erred in denying his motion to suppress the contents of a package he placed in the mail intended to be sent to an address in San Francisco, California, and his motion to suppress evidence of the drugs and firearms recovered during the search of his residence and vehicles. When considering the validity of a search pursuant to a warrant, the district court must determine whether the magistrate judge issuing the search warrant had a "substantial basis for concluding that probable cause existed." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). We conclude that the district court did not err in determining that the search warrants were valid. Accordingly, the district court did not err in denying the motions to suppress evidence

2

recovered pursuant to the warrants.  See United States v. Jones, 667 F.3d 477, 481-82 (4th Cir. 2012) (providing standard).

Next, Grier contends that the district court abused its discretion with respect to a number of evidentiary rulings, specifically, by limiting Grier's cross-examination of the postal inspector as to the legality of the seizure of a package that he intended to mail to California, allowing the Government to introduce evidence of his prior conviction for possession with intent to distribute PCP, overruling his objection to the Government's use of leading questions during its questioning of Grier's mother who was called as a Government witness, allowing the Government to introduce hearsay evidence of his bank balances, excluding the testimony and report of the Government's forensic chemist, and denying Grier's request to call his own expert to testify as to the contents of the Government's expert's report.  We have reviewed the arguments presented by the parties and find no abuse of discretion by the district court's rulings.  See United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (reviewing court will only overturn an evidentiary ruling that is arbitrary and irrational); United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (district court has discretion to admit or exclude evidence).

Lastly, Grier contends that the district court abused its discretion and prejudiced his defense by cutting short counsel's

3

closing argument. The court agreed to the parties' request for 45 minutes each for closing arguments. Prior to closing arguments, the court reminded the parties of the time limit. During the closing arguments, the court advised both the Government attorney and Grier's attorney when they had ten minutes remaining and also when five minutes remained. At the end of the 45 minutes, Grier's counsel requested an additional five minutes. The court acquiesced, and then allowed Grier's counsel to continue her summation for ten minutes. At that time, Grier's summation was 55 minutes, and the court informed counsel that her time was up. We find no abuse of discretion by the district court in imposing and enforcing this time limit. See United States v. Alaniz, 148 F.3d 929, 935 (8th Cir. 1998) (providing standard); United States v. Moye, 951 F.2d 59, 63 (5th Cir. 1992) (same); see also United States v. Collins, 372 F.3d 629, 634 n.2 (4th Cir. 2004) (finding defendant's challenge to 45-minute limitation on closing argument "unpersuasive").

Having found no error and no abuse of discretion by the district court, we affirm Grier's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4