UNITED STATES

v.

**Michael J. ADAMS, Private (E–1), U.S. Marine Corps.**

**NMCCA 200200722.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 30 March 2001.

Decided 16 Feb. 2005.

Lt Marcus Fulton, JAGC, USN, Appellate Defense Counsel.

Lt Guillermo Rojas, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, SUSZAN and HARRIS, Appellate Military Judges.

DORMAN, Chief Judge:

The appellant was tried before a special court-martial composed of a military judge sitting alone. In accordance with his pleas, the appellant was convicted of one specification each of unauthorized absence, terminated by apprehension, and failure to go to his appointed place of duty. Contrary to his pleas, the appellant was also convicted of disobeying a lawful order given by a noncommissioned officer (NCO) to change into a proper uniform. The appellant's offenses violated Articles 86 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 891. The adjudged and approved sentence consists of confinement for 3 months, forfeiture of $670.00 pay per month for 3 months, and a bad-conduct discharge. Upon taking action, the convening authority suspended that portion of the sentence to confinement in excess of 50 days for a period of 12 months. The suspension was ordered to comply with the terms of a pretrial agreement.

The appellant raises one assignment of error. He asserts that his guilty plea to failing to go to his appointed place of duty is improvident. The focus of his argument is that the appellant told the military judge that he did not have actual knowledge of his appointed place of duty. The Government urges that we affirm the appellant's conviction of this offense based upon the legal theory of deliberate ignorance or deliberate avoidance.

We have carefully reviewed the appellant's record of trial and considered his assignment of error. We have also considered the Government's response brief. Following our review, we conclude that under the facts of this case the challenged guilty plea is provident. Additionally, we conclude that following our corrective action the findings and sentence are correct in law and fact, and that no error was committed that was materially prejudi-

cial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Facts

The Specification under Additional Charge I alleged that the appellant was absent from his appointed place of duty between 0630 and 2100 on 7 February 2001. He attempted to plead guilty to that offense. During the inquiry into the providence of the plea, the appellant informed the military judge that on that date he was assigned to Alpha Company, 1st Battalion, 5th Marines, 31st Marine Expeditionary Unit, located at Camp Hansen, Okinawa, Japan. He also told the military judge that he was in his unit area the entire day, either in his barracks room or in the mess hall. The military judge rejected the plea. Thereafter, the appellant pled guilty by exceptions and substitutions to the offense of failing to go to his appointed place of duty, the Alpha Company armory, at 0630 on 7 February 2001. During the inquiry into the providence of the modified plea, the appellant told the military judge that members of Alpha Company met at the armory on board Camp Hansen at 0630 that morning. The appellant was supposed to be with his unit. The appellant then proceeded to tell the military judge that he did not know he was to report to the armory that morning because he "deliberately avoided [his] duties." Record at 59. The appellant further stated that he was in his barracks room at 0630. He continued, "I stayed in my room, sir, instead of, like, trying to find anyone from my platoon or squad or asking the duty if they would have known the whereabouts." *Id.* at 60. The appellant did not see his unit's formation that morning or know of its whereabouts, but the extent of his looking for it was to look out his window. The appellant freely made the decision to stay in his barracks that day. The appellant also admitted that he purposefully avoided finding out that he was to be at the Alpha Company armory at 0630 that morning, and that he made no effort to find out where he was supposed to be. The appellant knew that the duty NCO could have told him where he needed to be, but the appellant avoided the duty NCO as well.

### Providence Inquiry

■ A military judge may not accept a guilty plea to an offense without inquiring into its factual basis. Art. 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969). Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Mere conclusions of law recited by the accused are insufficient to provide a factual basis for a guilty plea. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F.1996)(citing *United States v. Terry*, 45 C.M.R. 216, 1972 WL 14158 (C.M.A.1972)). The appellant "must be convinced of, and able to describe all the facts necessary to establish guilt." RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Discussion. Acceptance of a guilty plea requires the accused to substantiate the facts that objectively support his plea. *United States v. Schwabauer*, 37 M.J. 338, 341 (C.M.A.1993); R.C.M. 910(e). Additionally, we note that a military judge has wide discretion in determining that there is a factual basis for the plea. *See United States v. Roane*, 43 M.J. 93, 94–95 (C.A.A.F.1995).

In this case, the military judge accurately advised the appellant of the elements of the offense of failing to go to an appointed place of duty. In so doing he advised the appellant that his commanding officer had designated that he was to be at the company armory at 0630 on 7 February 2001, that he knew that he was to be at the Alpha Company armory at that time and date, and that he failed to report for duty as prescribed. Record at 58; *see also* MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.), Part IV, ¶ 10b(1). During the inquiry into the providence of the plea the appellant admitted that his company commander had designated that time and place for members of the appellant's company to report on 7 February 2001, but that the appellant did not know where he was supposed to report that morning. He informed the military judge that he could have found out where he was supposed to go, but that he

had stayed in his barracks room and that he had purposely avoided finding out where and when to report for duty that day.

### Discussion

■ At trial the appellant argued to the military judge that under the facts set out above he could enter a provident guilty plea to the offense of failing to go to his appointed place of duty. Now under those same facts the appellant asserts that his guilty plea is not provident because he did not know where he was required to be. He has some support for his new-found argument. Actual knowledge of the time and place to report for duty is an element of this offense. MCM, Part IV, ¶ 10b(1)(b). This requirement is further explained. "The offenses of failure to go to and going from appointed place of duty require proof that the accused actually knew of the appointed time and place of duty.... Actual knowledge may be proved by circumstantial evidence." *Id.* at ¶ 10c(2). While the appellant's apparent ignorance of his duty to report to the armory appears to deprive his guilty plea of a factual basis, we hold that his deliberate and conscious efforts to avoid learning of his duty nevertheless render his guilty plea to failing to go to his reported place of duty provident.

Under the legal theory of "deliberate avoidance," sometimes referred to as "deliberate ignorance," or "conscious avoidance," a permissive inference may arise where an accused deliberately avoids learning facts which, if known to the accused, would impose criminal liability. In such situations the finder of fact may rely upon a permissive inference that the accused had knowledge of the fact that the accused deliberately avoided. *See United States v. Rodriguez,* 983 F.2d 455, 457–58 (2d Cir.1993). The rationale for the deliberate avoidance doctrine is that "a defendants affirmative efforts to see no evil and hear no evil do not somehow magically invest him with the ability to do no evil." *United States v. DiTommaso,* 817 F.2d 201, 218 n. 26 (2d Cir.1987).

While not commonly used in the military justice system, deliberate avoidance is not altogether unheard of in the court-martial setting. In *United States v. Newman,* 14 M.J. 474 (C.M.A.1983), our superior court upheld a military judges decision to issue a deliberate avoidance instruction where the Government had the burden of showing knowing use of drugs. Similarly, in *United States v. Brown,* 50 M.J. 262 (C.A.A.F.1999), the Court of Appeals for the Armed Forces reiterated its support for issuing such an instruction, but only when warranted by the evidence produced at trial. In short, a military judge may instruct court-martial members with respect to the doctrine of deliberate avoidance when some admissible evidence meets the "high plateau" of permitting an inference that the accused was " 'subjectively aware of a high probability of the existence of the illegal conduct; and ... the ... [accused] purposely contrived to avoid learning of the illegal conduct.' " *Brown,* 50 M.J. at 266 (quoting *United States v. Lara–Velasquez,* 919 F.2d 946, 951 (5th Cir.1990)).

Unlike the situations presented in *Brown* and *Newman,* which centered around instructions issued to members in contested courts-martial, the case at bar reaches us after a guilty plea. We find no legal impediment, however, to upholding a guilty plea where a servicemember satisfies the knowledge element of an offense by admitting facts sufficient to establish deliberate avoidance. In such cases, an appellant has done what he must do in order for this court to sustain the providence of a guilty plea, he has admitted to facts consistent with his guilt of the offense to which he plead guilty. Those same facts, if presented to the fact-finder in a contested case would have been sufficient to sustain the appellants conviction. The fact that the appellant pleaded guilty does not prevent us from upholding his conviction based on a theory of culpability that would have been available had the matter been contested at trial.

Our holding is consistent with federal practice. The federal courts have upheld guilty pleas where a defendants statements satisfied the knowledge element of the offense by establishing his deliberate avoidance of the truth. *See United States v. Juncal,* 245 F.3d 166, 171 (2d Cir.2001)(holding that so long as a jury could have found as fact each of the acts and omissions described by the appellant during his allocution, the "evidence of his conscious avoidance would suffice to provide the knowledge element, and a guilty verdict

would follow"); *United States v. Antzoulatos,* 962 F.2d 720, 723–25 (7th Cir.1992).

■ As with our civilian federal counterparts, military precedent does not require a guilty plea to be supported by any greater weight of factual evidence than a conviction following a trial on the merits. It is well-settled that a guilty plea is provident where the accused, after receiving explanations from the military judge as to the elements of the offense, provides testimony establishing that a factual basis for the plea exists. *United States v. Sims,* 57 M.J. 419, 421 (C.A.A.F. 2002); *Davenport,* 9 M.J. at 367. A guilty plea will be set aside only where the record reveals a substantial basis in law and fact to question the plea. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). In contrast, the threshold for sustaining a guilty finding entered by either a military judge or a panel of members is arguably higher. *Compare United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000)(explaining that both factual and legal sufficiency in contested courts-martial cases are measured against the "beyond a reasonable doubt" standard), *with United States v. James,* 55 M.J. 297, 300 (C.A.A.F.2001)(holding that "in the guilty-plea context, the Government does not have to introduce evidence to prove the elements of the charged offense beyond a reasonable doubt; instead, there need only be factual circumstances on the record which objectively support the guilty pleas")(internal quotation marks removed). A significant difference does exist because a guilty plea must be supported by a factual basis and a statement by the accused that he believes himself to be guilty of the offense. R.C.M. 910(e), Discussion; *see also United States v. Shearer,* 44 M.J. 330, 335 (C.A.A.F.1996). Therefore, assuming the providence inquiry contains statements of belief in guilt, and uncovers a factual basis meeting the "high plateau" set-out in *Brown,* 50 M.J. at 264, we hold that a servicemember can plead guilty to failing to go to an appointed place of duty based upon a theory of having deliberately avoided learning of the obligation to report at a specific time and place.

In reviewing the providence of a guilty plea, we look to see if error exists that is materially prejudicial to the substantial rights of the appellant. Art. 59(a), UCMJ, 10 U.S.C. § 859(a); *see also United States v. Mease,* 57 M.J. 686, 687 (N.M.Ct.Crim.App. 2002). "Such a conclusion must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *Id.* (quoting *United States v. Dawson,* 50 M.J. 599, 601 (N.M.Ct.Crim.App. 1999)). Our standard of review in this case is not whether the appellant might have challenged the knowledge element of his failure to go to his appointed place of duty had he entered pleas of not guilty, but rather "[r]ejection of a guilty plea ... requires that the record of trial show a substantial basis in law and fact for questioning the guilty plea." *United States v. Fisher,* 58 M.J. 300, 303 (C.A.A.F.2003)(citing *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F 2002) and *Prater,* 32 M.J. at 436). Here we find no such basis. In the case before us, there is no question as to whether the appellant believed he was guilty of the offense.[1] Given the appellant's statements to the military judge, we conclude that the appellant's guilty plea to failing to go to his appointed place of duty under Specification 1 of the Charge is provident, excepting for language concerning termination of the absence.

### Conclusion

Accordingly, we affirm the findings, except for the language, "and did remain so absent until on or about 2100 7 February 2001." This language is both unnecessary in a failure to go offense and was not addressed during the providence inquiry. This language is dismissed. We affirm the sentence approved by the convening authority.

Judge SUSZAN and Judge HARRIS concur.

---

1. We also note that during the sentencing portion of the appellant's court-martial, the Government introduced evidence that on the morning of 7 February 2001 the appellant's fire team leader checked with the appellant to make sure that he was getting ready to go to the armory. The appellant's response was "Oorah." Record at 122–23.