UNITED STATES, Appellee

v.

Michael J. ADAMS, Private
U. S. Marine Corps, Appellant

No. 05-0420

Crim. App. No. 200200722

United States Court of Appeals for the Armed Forces

Argued February 7, 2006

Decided June 20, 2006

BAKER, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, EFFRON, and ERDMANN, JJ., joined.

Counsel

For Appellant:  Major Gregory L. Chaney, USMC (argued); Captain
James D. Valentine, USMC, and Lieutenant Janelle M. Lokey, JAGC,
USNR (on brief).


For Appellee:  Lieutenant TyQuili R. Booker, JAGC, USNR
(argued); Commander Charles N. Purnell, JAGC, USN (on brief);
Lieutenant Guillermo J. Rojas, JAGC, USNR.


Military Judges:  T. L. Miller and E. B. Stone


THIS OPINION IS SUBJECT TO REVISION BEFORE PUBLICATION.

Judge BAKER delivered the opinion of the Court:

Appellant was tried at a special court-martial before a military judge. In accordance with his pleas, he was convicted of two specifications under Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886 (2000). One specification alleged an unauthorized absence terminated by apprehension and the other alleged a failure to go to one's appointed place of duty.[1] He was also convicted, contrary to his plea, of disobeying a lawful order in violation of Article 91, UCMJ, 10 U.S.C. § 891 (2000). The adjudged sentence included confinement for three months, $670.00 pay per month for three months, and a bad-conduct discharge. The convening authority, pursuant to the pretrial agreement, approved the adjudged sentence but suspended confinement in excess of fifty days.

The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Adams, 60 M.J. 912, 916 (N-M. Ct. Crim. App. 2005). Upon Appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT AFFIRMED A
> CONVICTION FOR FAILING TO GO TO AN APPOINTED PLACE OF
> DUTY DESPITE THE APPELLANT'S LACK OF ACTUAL KNOWLEDGE
> OF THE PLACE OF APPOINTED DUTY.

---

[1] The second specification, the one at issue in this appeal, originally alleged Appellant was absent from his appointed place of duty. After the military judge rejected the plea to this offense, Appellant pleaded guilty by exceptions and substitutions to the offense of failure to go to his appointed place of duty.

We affirm the decision of the Navy-Marine Corps Court of Criminal Appeals and hold that evidence of deliberate ignorance can suffice to meet the knowledge requirement of all Article 86, UCMJ, offenses.

BACKGROUND

When the military judge commenced the plea inquiry, the charge sheet alleged that Appellant:

> on active duty, did, on or about 0630 7 February 2001, without authority, absent himself from his appointed place of duty, to wit:  Alpha Company, 1st Battalion, 5th Marines, located at Camp Hansen, Okinawa, and did remain so absent until on or about 2100 7 February 2001.

Appellant subsequently stated that on February 7, 2001, rather than joining his unit, Alpha Company, he stayed in his room, leaving only to go to the dining hall.  The military judge asked Appellant about the physical area devoted to Alpha Company, and Appellant stated that his barracks was located in a group of buildings that made up the Alpha Company area.  As a result of these statements, it became apparent to the military judge that by staying in his room, Appellant never left the Alpha Company area, and he therefore could not providently plead guilty to absenting himself from his appointed place of duty, if that place of duty was Alpha Company.[2]

---

[2] Appellant stated that while the dining hall was not part of the Alpha Company, he had permission to leave his unit to go to the dining hall.

At the suggestion of defense counsel, the military judge amended the language of the specification to include the word "armory" and he substituted "fail to go at the time proscribed to his appointed place of duty" for the prior allegation that Appellant did "absent himself from his appointed place of duty." With these changes, the specification reflected that Appellant failed to go to a particular place of duty within Alpha Company. Defense counsel and trial counsel agreed to the changes. The amended specification alleged that Appellant:

> on active duty, did, on or about 0630 7 February 2001, at Camp Hansen, Okinawa, Japan, without authority, <u>fail to go at the time prescribed to</u> his appointed place of duty, to wit: <u>Alpha Company armory</u>, Alpha Company, 1st Battalion, 5th Marines, located at Camp Hansen, Okinawa, and did remain so absent until on or about 2100 7 February 2001.

(emphasis added).

As the plea colloquy continued, Appellant stated that the Alpha Company commander appointed the armory as the place of duty, and that it was his duty to be there at 6:30 a.m. The military judge asked Appellant whether he actually knew he was required to be present at the armory at 6:30 a.m., and the following dialogue ensued:

MJ:     Now, did you know that you were required to be present at this appointed time and place of duty?

ACC:    I did not know, sir; and I didn't find out

> during the day.  I deliberately avoided my duties, sir.

>     MJ:        You deliberately avoided finding out where you were supposed to be at 0630 on 7 February 2001?

>     ACC:       Yes, sir.

>     . . . .

>     MJ:        Now, how did you deliberately avoid finding out where the rest of your unit was located?

>     ACC:       I stayed in my room, sir, instead of, like, trying to find anyone from my platoon or squad or asking the duty if they would have known the whereabouts.

Appellant argues on appeal that his pleas were improvident. He asserts that the Manual for Courts-Martial, United States (2005 ed.) (MCM) expressly requires actual knowledge of the appointed place of duty, and because he deliberately avoided his duties, he never had actual knowledge that he needed to be at the armory.  See MCM pt. IV, para. 10.c.(2).

DISCUSSION

An Article 86, UCMJ, violation for failure to go to an appointed place of duty requires proof of the following elements:

  (a)  That a certain authority appointed a certain time and place of duty for the accused;
  (b)  That the accused knew of that time and place; and
  (c)  That the accused, without authority, failed to go to the appointed place of duty at the time prescribed.

MCM pt. IV, para. 10.b.(1).  The MCM's explanatory text to Article 86, UCMJ, provides that failure to go offenses "require proof that the accused actually knew of the appointed time and place of duty. . . .  Actual knowledge may be proved by circumstantial evidence."  MCM pt. IV, para. 10.c.(2).

This Court first addressed the topic of deliberate avoidance in United States v. Newman, 14 M.J. 474, 478 (C.M.A. 1983), a case involving the wrongful use and possession of drugs and drug paraphernalia.  This Court recognized that "in cases where knowledge is an essential element, specific knowledge is not always necessary; rather, purposeful ignorance may suffice."  Id.  We later held in United States v. Brown, 50 M.J. 262 (C.A.A.F. 1999), that for the government to raise deliberate ignorance, it must show some evidence from which this Court may infer that the "'defendant was subjectively aware of a high probability of the existence of illegal conduct; and . . . the defendant purposefully contrived to avoid learning of the illegal conduct.'"  Id. at 266 (quoting United States v. Lara-Velasquez, 919 F.2d 946, 951 (5th Cir. 1990)).  Although this Court in Brown ultimately concluded that the military judge's instruction on deliberate ignorance was error, it did so on the ground that there was no evidence the appellant deliberately contrived to avoid knowledge of the nature of the pills he was ingesting.  Id.  This Court concluded that because the appellant

was charged with an Article 112a, UCMJ, 10 U.S.C. 912a (2002), violation for wrongful use of a controlled substance, the instruction might have been proper had the record shown greater evidence of the appellant's subjective awareness of his illegal conduct.  Id.

However, unlike the explanation contained in the MCM for Article 86(1), UCMJ, the MCM provision for Article 112a, UCMJ, at issue in Brown expressly allowed for such an inference where the accused "avoids knowledge of the presence of a controlled substance."  MCM pt. IV, para. 37.c.(11).  To date, this Court has not considered the deliberate avoidance theory outside the context of drug offenses.  Thus, we have not considered whether the deliberate avoidance theory permits an inference of knowledge where the punitive article at issue expressly requires that the accused have actual knowledge of his illegal conduct.

The elements of the offense of failure to go to an appointed place of duty require that the accused "knew" of the time and place of duty.  MCM pt. IV, para. 10.b.(1)(b).  As Appellant points out, the explanation discusses only "actual knowledge" as the measure of proof, whereas the discussion to Article 112a, UCMJ, provides for the possibility of deliberate avoidance.  As a result, Appellant argues this Court should infer that the President, in drafting the explanation for Article 86, UCMJ, intended to preclude deliberate avoidance as a

substitute measure of proof for the element of knowledge.  We disagree.  In the absence of express language by the President to the contrary, we conclude that knowledge may be inferred from evidence of deliberate avoidance in all Article 86, UCMJ, offenses.  This knowledge requirement may be satisfied where evidence meeting the standard in Brown establishes that the accused was subjectively aware of a high probability of the existence of illegal conduct, and purposely contrived to avoid learning of the illegal conduct.  Brown, 50 M.J. at 266.

In the context of a contested trial, "'the evidence must allow a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.'"  Id. (quoting United States v. Adeniji, 31 F.3d 58, 62 (2d Cir. 1994))(citation and quotation marks omitted).  In the context of a guilty plea, the military judge must be satisfied that there is a factual basis that objectively supports each element of the offense.  United States v. Simmons, 63 M.J. 89 (C.A.A.F. 2006).

Application of the legal theory of deliberate avoidance to Article 86, UCMJ, is supported by three arguments.  First, it is a logical extension of this Court's holdings in Newman and Brown.  Second, this rule is consistent with the position adopted by a majority of the federal circuits.  Indeed, Appellant has not cited any federal authority to the contrary.

8

United States v. Adams, No. 05-0420/MC

"'To the requirement of actual knowledge there is one strictly limited exception. . . . The rule is that if a party has his suspicion aroused but then deliberately omits to make further inquiries, because he wishes to remain in ignorance, he is deemed to have knowledge.'" United States v. Eaglin, 571 F.2d 1069, 1075 (9th Cir. 1977) (quoting United States v. Jewell, 530 F.2d 697, 700 (9th Cir. 1976)) (citation omitted); see also United States v. Saucedo-Munoz, 307 F.3d 344, 349 (5th Cir. 2002) (deliberate ignorance instruction given alongside evidence of actual knowledge); United States v. Heredia, 429 F.3d 820, 824-25 (9th Cir. 2005) (specific evidence of deliberate ignorance sufficient to show actual knowledge); United States v. Stewart, 185 F.3d 112, 126 (3d Cir. 1999) (allowing government to proceed on a theory of actual knowledge by proving deliberate ignorance). Finally, a literal application of actual knowledge to Article 86, UCMJ, offenses would result in absurd results in a military context. Servicemembers might avoid their duties and criminal sanction by hunkering down in their barracks rooms or off-base housing, taking care to decline all opportunity to learn of their appointed place of duty at formation or through the receipt of orders.

Thus, in the absence of evidence that the President sought to limit the application of the deliberate avoidance theory to Article 112a, UCMJ, and in light of existing case law, the

prevailing federal rule, and the military context in which the question is presented, we hold that deliberate avoidance can create the same criminal liability as actual knowledge for all Article 86, UCMJ, offenses.[3]

### The Deliberate Avoidance Theory as Applied in This Case

When reviewing the providence of a guilty plea we will only reject the plea where the record of trial shows a substantial basis in law and fact for questioning the plea. United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

Applying the deliberate avoidance theory to the case at hand, the record of trial does not show a substantial basis in law or fact for questioning the providence of Appellant's guilty plea. Appellant had been on active duty since December 1999. Given his experience in the Marine Corps, Appellant understood that he was expected to report to his appointed place of duty, unless his absence was properly authorized. At 6:30 a.m. on February 7, 2001, Appellant remained in his barracks room. While Appellant did not actually know where the rest of his unit was located, he deliberately avoided finding out, and chose not to "find anyone from [his] platoon or squad or ask[] the duty"

---

[3] We reach Article 86, UCMJ, offenses generally because the logic of the analysis applies as well to offenses involving: (1) failure to go to the appointed place of duty; (2) going from the appointed place of duty; (3) absence from the unit, organization, or place of duty; (4) abandoning watch or guard; and (5) absence from the unit, organization, or place of duty with intent to avoid maneuvers or field exercises. Moreover, a holding limited to Article 86(1), UCMJ, might generate confusion and uneven treatment regarding the applicability of deliberate ignorance to other offenses arising under Article 86, UCMJ.

concerning the whereabouts of his unit.  This is evident from Appellant's following exchange with the military judge:

    MJ:  Did you have a formation that morning?

    ACC: I didn't see one, sir.

    MJ:  Did you ever go down and kind of look around and try to find out where everybody was?

    ACC: I would look out my window, sir.  That was the extent of my observation, sir.

    MJ:  So in essence what you did is rather than go to formation that morning and find out where everybody else was you just stayed in your room.  Is that right?

    ACC: Yes, sir.

Appellant further admitted that his failure to find the place of duty was purposeful.  Under these circumstances, Appellant's plea to failing to go to his appointed place of duty was provident.

## DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.