UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JUSTIN L. OSBORN
 United States Army, Appellant

 ARMY 20081134

 Headquarters, Fort Carson
 Debra L. Boudreau, Military Judge
 Colonel Michael W. Meier, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace M. Gallagher, JA; Captain Pamela Perillo, JA (on
brief).

For Appellee: Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel
Martha L. Foss, JA; Lieutenant Colonel Francis C. Kiley, JA; Major Arthur
L. Rabin, JA (on brief).

 29 January 2010

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------
Per Curiam:

 Upon review of the case before us under Article 66, Uniform Code of
Military Justice [hereinafter UCMJ], we find appellant’s guilty plea to
Specifications 1 and 2 of Charge I, violations of Article 86, UCMJ, to be
improvident. The remaining findings of guilty are affirmed.

 Before this court rejects a guilty plea, the record of trial must show
a “substantial basis” for questioning the plea. United States v. Adams, 63
M.J. 223, 226 (C.A.A.F. 2006); United States v. Prater, 32 M.J. 433, 436
(C.M.A. 1991). We review de novo questions of law relating to the
acceptance of a guilty plea. United States v. Ibanette, 66 M.J. 320, 322
(C.A.A.F. 2008).

 Appellant was convicted, inter alia, of two specifications of failing
to “call in.” Article 86, UCMJ, is “designed to cover every case not
elsewhere provided for in which any member of the armed forces is through
the member's own fault not at the place where the member is required to be
at a prescribed time.” Manual for Courts-Martial, United States (2008 ed.)
[hereinafter MCM], Part IV, para. 10c(1) (emphasis added). The requisite
elements are:

 (a) That a certain authority appointed a certain time and place
 of duty for the accused;

 (b) That the accused knew of that time and place; and

 (c) That the accused, without authority, failed to go to the
 appointed place of duty at the time prescribed.

MCM, 2008, Part IV, para. 10b(1).

 Although application of these elements to a given situation might not
be simple, the elements are clear in the requirement that a certain
authority required an accused to be at a location and he failed to go to
that location. In Specifications 1 and 2 of Charge I, it is alleged that,
in violation of Article 86, appellant did “fail to call in at the time
prescribed to his appointed place of duty.” Thus, appellant was not
alleged to have been absent within the meaning of Article 86, UCMJ.
Rather, by their plain language, the specifications allege that he failed
to comply with a condition. While a failure to call may, under appropriate
circumstances, be the subject of an Article 90, 91, or 92, UCMJ offense, it
is not properly charged under Article 86, UCMJ. The military judge’s
acceptance of appellant’s guilty plea to Specifications 1 and 2 of Charge I
was, thus, in error.

 Accordingly, Specifications 1 and 2 of Charge I are set aside and
dismissed. We have considered the entire record, including the assignments
of error, and find them to be without merit. The remaining findings of
guilty are affirmed. Reassessing the sentence on the basis of the modified
findings, the entire record, and in accordance with the principles of
United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United States v.
Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by
Judge Baker in his concurring opinion, we affirm the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court