*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

### UNITED STATES
Appellee

**v.**

### Thomas M. SAUL, Staff Sergeant
United States Air Force, Appellant

**No. 24-0098**
Crim. App. No. 40341

Argued October 22, 2024—Decided July 21, 2025

Military Judge: Christopher D. James

For Appellant: *Captain Michael J. Bruzik* (argued); *Major Spencer R. Nelson* (on brief); *Megan P. Marinos*, Esq.

For Appellee: *Major Vanessa Bairos* (argued); *Colonel Matthew D. Talcott, Lieutenant Colonel Jenny A. Liabenow*, and *Mary Ellen Payne*, Esq. (on brief).

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge HARDY, and Judge JOHNSON joined. Judge SPARKS filed a separate dissenting opinion.

———————————

Judge MAGGS delivered the opinion of the Court.

A military judge sitting as a general court-martial found Appellant guilty, consistent with his pleas, of one specification of willfully disobeying a superior commissioned officer and one specification of willfully and wrongfully destroying nonmilitary property in violation of Articles 90 and 109, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 890, 909 (2018). The military judge also found Appellant guilty, contrary to his plea, of one specification of wrongfully using Trenbolone, a controlled substance, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a (2018).

The military judge sentenced Appellant to a reprimand, a reduction to the grade of E-2, forfeiture of $1,000 of pay per month for nine months, nine months of confinement, and a bad-conduct discharge. The convening authority took no action on the findings or the sentence. In addition to stating the foregoing information about the findings and the sentence, the Entry of Judgment form contained this indorsement: "The following criminal indexing is required . . . according to the references listed: . . . Firearm Prohibition Triggered Under 18 U.S.C. § 922: Yes." The United States Air Force Court of Criminal Appeals (AFCCA) affirmed. *United States v. Saul*, No. ACM 40341, 2023 CCA LEXIS 546, at *3, 2023 WL 9018409, at *2 (A.F. Ct. Crim. App. Dec. 29, 2023) (unpublished).

We granted review of three issues.[1] Issue I concerns the providence of Appellant's plea of guilty to the specification

---

[1] I. Whether a guilty plea for willful destruction of property under Article 109, UCMJ, can be provident when Appellant thrice told the military judge that he "did not intend to damage the [property]" and that he was surprised there was actual damage.

II. Whether the United States Court of Appeals for the Armed Forces has jurisdiction to direct modification of the 18 U.S.C. § 922 prohibition noted on the staff judge advocate's indorsement to the entry of judgment.

of willfully and wrongfully destroying private property in violation of Article 109, UCMJ. As we explain below, we agree with Appellant that the military judge should not have accepted his guilty plea to this specification, and we grant appropriate relief. Issues II and III concern the indorsement on the Entry of Judgment form addressing the firearm prohibition in 18 U.S.C. § 922 (2018). In accordance with our recent decision in *United States v. Johnson*, __ M.J. __ (C.A.A.F. 2025), we hold that this Court lacks the authority to modify the indorsement on Appellant's Entry of Judgment form.

## I. Background

In February 2021, Appellant argued with his wife at their residence in Oklahoma. During the argument, Appellant, who had been drinking, forcefully slammed his hand down on the windshield of a car that his wife had rented from the Avis Car Rental company. This action caused the windshield to crack "in a large spider web pattern." The Government subsequently charged Appellant with one specification of "willfully and wrongfully destroy[ing] a vehicle windshield, of a value of under $1000.00, the property of Avis Rental Car" in violation of Article 109, UCMJ.

Appellant entered a plea of guilty to this specification. But during the inquiry into the providence of the plea, Appellant made several statements raising significant doubt about whether he had *willfully* destroyed the windshield. Appellant told the military judge: "I got frustrated with [my wife] and slammed my hand down on the windshield with an open palm. I did not intend to damage the vehicle, but, especially since I was drunk, I must have hit it a lot

---

III. As applied to Appellant, whether the Government can prove 18 U.S.C. § 922 is constitutional by "demonstrating that it is consistent with the nation's historical tradition of firearm regulations" when he was not convicted of a violent offense (quoting *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 24 (2022)).

84 M.J. 472 (C.A.A.F. 2024) (order granting review).

harder than I intended." Appellant further stated: "I did not intend to break the windshield, but did intend to hit the windshield in the first place." In addition, Appellant stated that he did not know about the crack until his wife pointed it out to him. When the military judge asked Appellant if he was surprised that "there was actual damage" to the windshield, Appellant answered in the affirmative.

The military judge was initially reluctant to accept Appellant's guilty plea because of Appellant's repeated statements that he did not intend to damage the windshield. Addressing Appellant and defense counsel, the military judge said: "[W]hat I need to understand is, if you didn't intend to cause the damage, I understand you intended to strike the windshield, but if you did not intend to cause the damage, how is the plea provident to this?" The military judge explained more specifically that he was "hung up" on the requirement that the destruction of the property must be done "willfully."

Following a recess, the military judge and counsel discussed *United States v. White*, 61 M.J. 521, 524 (N-M. Ct. Crim. App. 2005), a case in which the court found circumstantial evidence legally sufficient (although factually insufficient) to establish that an accused had willfully destroyed property in violation of Article 109, UCMJ. The court in *White* cited *United States v. Johnson*, 24 M.J. 101 (C.M.A. 1987), for the proposition that a court-martial may use a "permissive inference" to show that "an intent to cause certain results can be established by evidence that such results flow 'naturally and probably from the action that was taken.' " 61 M.J. at 523 (quoting *Johnson*, 24 M.J. at 105).

Relying on the permissive inference used in *White*, the military judge in this case asked Appellant: "[D]o you agree that you smacking the windshield, a natural consequence of that action is that the windshield will spider out?" Appellant answered: "Yes, Your Honor." Appellant, however, did not retract or modify his earlier statements that he did not intend to damage the windshield or that he was surprised that there was any damage.

The military judge then stated: "[H]aving [gone] through . . . the last discussion . . . with Sergeant Saul about his intent and . . . understanding that he understands [the damage to the windshield] is a probable consequence of him striking the windshield, I do feel like his discussion is sufficient for that specification." The military judge then asked counsel for both sides whether further questioning was necessary, and they answered that it was not. The military judge accordingly accepted Appellant's plea of guilty. The AFCCA affirmed, finding no "substantial conflict" between the plea and Appellant's statements. *Saul*, 2023 CCA LEXIS 546, at *11, 2023 WL 9018409, at *4.

## II. Providence of the Guilty Plea

This Court requested briefing and heard oral argument on Issue I which, as quoted above, asks whether Appellant's plea of guilty to the specification of willfully and wrongfully destroying nonmilitary property under Article 109, UCMJ, was improvident given his repeated statements that he did not intend to damage the windshield. Having considered the parties' arguments, we hold that Appellant's plea of guilty was improvident.

### A. Standard of Review and Applicable Legal Principles

Two standards of review govern appeals in guilty plea cases. This Court reviews "questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). This Court, however, reviews a military judge's acceptance of a guilty plea for abuse of discretion. *Id.* Addressing the abuse of discretion standard, this Court has explained that "[o]nce the military judge has accepted a plea as provident and has entered findings based on it, an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996).

Several principles govern a military judge's acceptance of a guilty plea. Under *United States v. Care*, 18 C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), the military judge

must explain each of the elements of an offense to the accused and question the accused to ensure that the accused's acts or omissions constitute the offense to which the accused is pleading guilty. *See also* Rule for Courts-Martial 910(e) (2019 ed.) (requiring the military judge to inquire into the factual basis for a plea of guilty). In addition, Article 45(a), UCMJ, 10 U.S.C. § 845 (2018), provides:

> If an accused . . . after a plea of guilty sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently . . . , a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty.

Addressing this article, this Court has stated: "If an accused 'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *Garcia*, 44 M.J. at 498 (quoting Article 45(a), UCMJ). Military judges often can "resolve" apparent inconsistencies by asking the accused questions and receiving answers that show no actual inconsistency exists. *See, e.g.*, *United States v. Hines*, 73 M.J. 119, 124-25 (C.A.A.F. 2014) (holding that the military judge's questioning clarified the amount of military allowances wrongfully taken despite an apparent inconsistency in the stipulation of fact); *United States v. Goodman*, 70 M.J. 396, 399-400 (C.A.A.F. 2011) (holding that the military judge's questioning clarified that the accused's suggestion of a possible defense was not inconsistent with his guilty plea because one of the elements of the defense could not be established).

Article 109, UCMJ, establishes offenses concerning the destruction of nonmilitary property. It provides in relevant part that "[a]ny person subject to this chapter who . . . willfully and wrongfully destroys or damages any property other than military property of the United States shall be punished as a court-martial may direct." *Id.* In *United States v. Bernacki*, 13 C.M.A. 641, 643-44, 33 C.M.R. 173, 175-76 (1963), this Court held that Article 109, UCMJ, requires that the Government prove the accused had the

specific intent of destroying or damaging property, as opposed to merely intending to do an act without necessarily intending for the act to damage or destroy property.

A permissive inference—also called a "permissive presumption"—is a "presumption that a trier of fact is free to accept or reject from a given set of facts." *Permissive Presumption, Black's Law Dictionary* (11th ed. 2019). Discussions of permissive inferences most often arise in contested cases in which the members may need to consider whether circumstantial evidence has proved an element of an offense.[2] Using permissive inferences is less common in uncontested cases, where the military judge generally must determine from the accused's statements, rather than circumstantial evidence, whether a guilty plea is provident. Although this Court has not stated general rules regarding a military judge's use of permissive inferences in guilty plea cases, it has upheld their use in at least some instances. For example, in *United States v. Willis*, 46 M.J. 258, 259, 262 (C.A.A.F. 1997), this Court held that a military judge could use a transferred intent theory or concurrent intent theory to infer that a nephew, pleading guilty to attempted murder of his uncle, intended to shoot his uncle when he admitted to shooting at his aunt who was in the same room. Similarly, in *United States v. Adams*, 63 M.J. 223, 226 (C.A.A.F. 2006), this Court held that a

---

[2] For example, model instructions on unpremeditated murder contain the following statement:

> The intent to kill or inflict great bodily harm may be proved by circumstantial evidence, that is, by facts or circumstances from which you may reasonably infer the existence of such an intent. Thus, it may be inferred that a person intends the natural and probable results of an act (he) (she) purposely does. Therefore, if a person does an intentional act which is likely to result in death or great bodily harm, it may be inferred that (he) (she) intended to inflict death or great bodily harm.

Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 3, para. 3-43-2 (2020).

military judge could use a deliberate avoidance theory to find that an accused knew of his appointed time of place and duty when he admitted that he had deliberately avoided finding out whether his unit had a formation.

### B. Discussion

The basic positions of the parties are easily summarized. Appellant argues that the military judge abused his discretion in accepting his guilty plea because he set up a matter substantially inconsistent with his plea and the military judge did not resolve this inconsistency as required by Article 45(a), UCMJ. Specifically, Appellant asserts that it was substantially inconsistent for him to plead guilty to willfully and wrongfully destroying a windshield in violation of Article 109, UCMJ, while at the same time repeatedly stating that he did not intend to cause damage to the windshield. The Government responds that the military judge properly inferred that a person intends the natural and probable consequences of his actions.

The disputed issue therefore is whether the military judge resolved the asserted inconsistency using the cited permissive inference. Appellant makes three arguments for concluding that the military judge did not. First, Appellant contends that permissive inferences can only be used in contested cases, not in guilty plea cases. Second, Appellant argues that the military judge, in any event, could not use a permissive inference to conclude that he *willfully* destroyed property merely because he knew that its destruction could be a natural and probable consequence of his actions. Third, Appellant argues that the military judge in any event never resolved the substantial inconsistency between any inference that he willfully and wrongfully destroyed the windshield and his earlier express statements that he did not intend to damage the windshield.

We agree with Appellant's third argument and thus need not address his first two arguments in this opinion. Even if the military judge could lawfully infer that Appellant acted willfully and wrongfully based on his knowledge of the natural and probable consequences of his action, that

inference substantially conflicts with Appellant's repeated statements that he did not intend to damage the windshield. Nothing in the plea inquiry resolved this substantial inconsistency. Appellant never retracted or modified his express statements that he did not intend to damage the windshield. He never suggested that he had initially misunderstood the meaning of "intent" or otherwise sought to clarify his remarks. It is true that the discussion of the permissive inference occurred *after* Appellant made his express statements that he did not intend to damage the windshield. But nothing in the record persuades us that Appellant understood the permissive inference to supersede his earlier express statements. And although the military judge and counsel for both sides conscientiously endeavored to find a way to have Appellant establish that he acted with the requisite intent, the military judge could not accept the guilty plea with this substantial inconsistency unresolved.

The Government responds that this Court has upheld guilty pleas in other cases with similar facts. It cites *Adams*, a case in which an accused pleaded guilty to failing to go to his appointed place of duty in violation of Article 86, UCMJ, 10 U.S.C. § 886 (2000). 63 M.J. at 223-24. During the plea inquiry, the military judge asked the accused whether he knew that he was required to be present at the time and place alleged in the specification. *Id.* at 224. The accused answered that he did not know the time and place of his duty because he had deliberately avoided finding out this information. *Id.* This Court ruled that the plea was provident, holding that "deliberate avoidance can create the same criminal liability as actual knowledge for all Article 86, UCMJ, offenses." *Id.* at 226.

*Adams*, however, is distinguishable from the present case. The Court in *Adams* did not fail to reconcile an express statement that the accused did not know the time and place of his duty with an inference that he did know the time and place of his duty. Instead, the Court held that deliberate avoidance was sufficient to satisfy the mens rea for offenses under Article 86, UCMJ, *even though the*

*accused did not in fact know the time and place of his duty.*
*Id.* In this case, by contrast, precedent has established that
an accused must destroy property "willfully and wrong-
fully" to violate Article 109, UCMJ. *Bernacki*, 13 C.M.A. at
642-43, 33 C.M.R. at 174-75. Appellant's express state-
ments that he did not intentionally damage the windshield
are therefore inconsistent with his plea of guilty to violat-
ing Article 109, UCMJ.

The Government also cites *Willis*, a case in which an
accused pleaded guilty to the attempted murder of his
uncle. 46 M.J. at 259. During the providence inquiry, the
accused told the military judge that he shot a handgun in
the direction of the place at which he thought that his aunt
was located and that he did not intend to shoot his uncle.
*Id.* at 260. This Court held that the plea was provident
based on a theory of transferred or concurrent intent,
under which the accused's intent to kill his aunt could
satisfy the mens rea for attempted murder of his uncle. *Id.*
at 261-62. The Court explained: "Appellant asserts he did
not have the intent to 'kill' his uncle. However, by shooting
behind the door, appellant created a killing zone. The
natural and probable consequence of appellant's actions
was the death or grievous bodily harm of whoever was
behind the door." *Id.*

The *Willis* decision is also distinguishable from the pre-
sent case. The Court in *Willis* reconciled the accused's as-
sertion that he did not intend to kill his uncle with the legal
theory that his intent to kill his aunt was sufficient for the
offense of attempted murder based on transferred or con-
current intent. *Id.* at 261. Transferred and concurrent in-
tent do not apply here and therefore cannot reconcile Ap-
pellant's express statements that he did not intend to
damage the windshield with an inference that he did in-
tend to damage it or any other property.

We are similarly unpersuaded by the Government's ad-
ditional arguments. Because a substantial inconsistency
between Appellant's plea and his express statements was
not resolved, Article 45, UCMJ, required the military judge
to enter a plea of not guilty. The Government then could

have decided whether to proceed to trial, at which a court-martial might or might not have found circumstantial evidence sufficient to prove beyond a reasonable doubt that Appellant acted willfully and wrongfully even if Appellant were to testify that he did not intend to destroy the windshield.

For these reasons, we hold that the military judge abused his discretion in accepting the guilty plea. Accordingly, we must set aside the finding of guilt to the specification of violating Article 109, UCMJ.

### III. Entry of Judgment Indorsement

This Court also granted two other issues related to the indorsement on the Entry of Judgment form concerning 18 U.S.C. § 922. Issue II asks whether this Court has "jurisdiction" to modify the indorsement. In accordance with our decision in *Johnson*, we hold that while this Court has jurisdiction in this appeal, we lack authority to modify the indorsement. __ M.J. at __ (11). Issue III asks whether the Government can prove that 18 U.S.C. § 922 is constitutional as applied to Appellant. The only relief Appellant has requested in connection with Issue III is modification of the indorsement on his Entry of Judgment form. Because this Court lacks authority to provide Appellant with this relief, Issue III is moot.

### IV. Conclusion

We answer the first granted issue in the negative. We answer the second granted issue by holding that while the Court has jurisdiction in this appeal, it lacks authority to modify the indorsement. We do not answer the third granted issue because it is moot. The decision of the United States Air Force Court of Criminal Appeals is set aside as to Charge I and its specification but affirmed as to the other charges and specifications. The finding that Appellant is guilty of Charge I and its specification is set aside. The other findings are affirmed. The record is returned to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals. That court either may dismiss Charge I and its specification without prejudice and

reassess the sentence based on the affirmed findings, or it may set aside the sentence and order a rehearing on Charge I and its specification and on the sentence.

Judge SPARKS, dissenting.

I disagree with the majority opinion's conclusion that the military judge erred in finding Appellant's guilty plea provident. The military judge relied upon the solid legal principle that intent can be proven through the permissive inference that an accused intends the natural and probable consequences of his acts. He properly questioned Appellant until he was convinced that there was a factual basis for the plea and that Appellant understood the law. During the plea colloquy, Appellant did tell the military judge several times that he did not intend to break the windshield or damage the vehicle, and these statements were never explicitly reversed. However, because of these assertions, the military judge further inquired into the willfulness of Appellant's actions, focusing on Appellant's statements that he intended to strike the window but did not intend to cause damage. Appellant agreed that destruction of the windshield was a "logical consequence" of his hitting it and that he was more likely to do damage because he was a larger sized man. Appellant then agreed with the military judge that damaging the windshield was a natural and probable consequence of Appellant's striking it.

"During a guilty plea inquiry the military judge is charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-22 (C.A.A.F. 2008) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). A military judge abuses his or her discretion by "fail[ing] to obtain from the accused an adequate factual basis to support the plea—an area in which we afford significant deference" or if his or her ruling is based on an erroneous view of the law. *Id.* at 322 (citation omitted). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citing *United States v. Passut*, 73 M.J. 27, 29 (C.A.A.F. 2014)). This Court must find a substantial conflict between the plea and the accused's statements or other evidence to set aside a guilty plea. The mere possibility of conflict is not enough. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (citing *Prater*, 32

M.J. at 436). When assessing the viability of a guilty plea, the requisite record includes the plea colloquy "as well as any inferences reasonably drawn from the record." *United State v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004).

The military judge determined that the windshield breaking was a natural and probable consequence of a large and muscular man like Appellant hitting a car windshield with extreme force. Appellant agreed with the military judge that the outcome was a natural and probable consequence of his actions. The military judge then made the permissive inference that Appellant intended the natural and probable consequences of his actions. Our case law supports the principle that specific intent can be proved through a permissive inference that an accused intends the natural and probable consequences of his actions. In *United States v. Johnson*, this Court's predecessor assessed whether the accused possessed the proper willful intent to support his conviction for sabotage by throwing a loose screw into an aircraft engine. 24 M.J. 101, 103 (C.M.A. 1987). It determined that:

> Usually the intent to cause certain results is established by evidence that those results followed naturally and probably from the action that was taken. The permissible inference . . . is that the accused decided to act despite the likely consequences of doing so. However, only an *inference* is involved; and the necessary intent is lacking unless the factfinder determines not only that the prohibited results were highly foreseeable, but also that the accused, in fact, knew they were almost certain and nonetheless went ahead.

*Id.* at 105-06; *see also United States v. Roa*, 12 M.J. 210, 211 (C.M.A. 1982) (noting the military judge's proper use of "the inference that persons intend the natural and probable consequences of their acts"); *United States v. Christensen*, 4 C.M.A. 22, 25, 15 C.M.R. 22, 25 (1954) (stating that "a court-martial is certainly free to infer that a sane person intends the natural and probable consequences of his conduct").

Federal courts have reached a similar conclusion. In the context of a jury trial, the United States Court of Appeals for the Fifth Circuit has stated that "[g]enerally, the

natural and probable consequences of an act may satisfactorily evidence the state of mind accompanying the act, even when a particular mental attitude is a crucial element of the offense." *United States v. Stoker*, 706 F.3d 643, 646 (5th Cir. 2013) (internal quotation marks omitted) (quoting *United States v. Maggitt*, 784 F.2d 590, 593 (5th Cir. 1986)); *see also United States v. Desposito*, 704 F.3d 221, 231 (2d Cir. 2013) (noting that, to prove intent, the government had to show that the appellant's actions "had the natural and probable effect" of obstructing his criminal trial); *United States v. Moye*, 951 F.2d 59, 62 (5th Cir. 1992) (upholding an instruction to the jury that " 'you may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted' "); *United States v. Jackson*, 513 F.2d 456, 461 (D.C. Cir. 1975) (stating that "the natural probable consequences of an act may satisfactorily evidence the state of mind accompanying it, even when a particular mental attitude is a crucial element of the offense"). Though the above cases were all contested, I see no reason why the role of natural and probable consequences in determining specific intent would be any different under the circumstances of a guilty plea.

In addition, as the majority recognizes, this Court has previously upheld the use of permissive inference in accepting a guilty plea. Most notably, in *United States v. Adams*, this Court held that a permissive inference of deliberate ignorance could suffice to meet the knowledge requirement in a guilty plea. 63 M.J. 223, 224 (C.A.A.F. 2006). The appellant pled guilty to failing to show up at his appointed place of duty under Article 86, UCMJ, 10 U.S.C. § 886 (2000). *Id.* Proof of the offense required actual knowledge of the appointed place of duty and, because he deliberately avoided his duties, the appellant told the military judge that he never had actual knowledge of his appointed place of duty. *Id.* at 224-25. This Court upheld the plea and determined that "knowledge *may be inferred* from evidence of deliberate avoidance in all Article 86, UCMJ, offenses." *Id.* at 226 (emphasis added). I believe that our decision in *Adams* controls this case and do not agree with the majority opinion that the permissive inference this Court found

acceptable in *Adams* can be distinguished in any significant way.

I also disagree with the majority's premise that Appellant had to explicitly retract or modify his initial statements that he did not intend to damage the windshield in order to resolve any inconsistency. Even if Appellant initially asserted that he did not intend, in layman's terms, to inflict damage, he later agreed that such damage was a natural and probable consequence of striking the windshield. This is sufficient under our case law to establish legal intent. I cannot see that any substantial conflict remained once Appellant agreed with the military judge that his actions established willful intent.

Rejection of a guilty plea requires that "the record of trial show a substantial basis in law and fact for questioning the plea." *Prater*, 32 M.J. at 436 (internal quotation marks omitted). The bar is high since we owe the military judge deference. He conducted a thorough colloquy and appeared committed to resolving the inconsistency he himself noted regarding the required mens rea. Though Appellant represented that he did not intend to damage the windshield, he later confirmed that such damage was a natural and probable consequence of his actions. This confirmation was sufficient to counter his earlier statements that he did not intend to damage the windshield, even if he never expressly revoked those statements. The military judge properly drew a permissive inference from Appellant's statements during the plea colloquy and concluded that Appellant possessed the requisite willful specific intent. He reasonably applied the facts of the case to the law that allows for the use of permissive inference to establish intent. Given the above, I cannot conclude that there was a substantial basis for questioning the plea or that the military judge abused his discretion in finding Appellant's plea provident. For these reasons, I respectfully dissent.